FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MICHAEL PHILLIPS,

                Petitioner,

v.

STATE OF WASHINGTON,

                Respondent.

No.  2:20-cv-00383-SMJ

**ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION**

Petitioner Michael Phillips, a prisoner at the Coyote Ridge Corrections Center, brings this *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, ECF No. 1. The $5.00 filing fee has been paid. Having reviewed the petition and the record in this matter, the Court is fully informed and dismisses the petition because of several deficiencies briefly summarized below.

### PROPER RESPONDENT

First, the petition fails to name a proper party as a respondent. The proper respondent in a federal petition seeking habeas corpus relief is the person having custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). If the petitioner is

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION – 1

incarcerated, the proper respondent is generally the warden of the institution where the petitioner is incarcerated. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 893 (9th Cir. 1996). Failure to name a proper respondent deprives federal courts of personal jurisdiction. *See Stanley*, 21 F.3d at 360. Though Petitioner could conceivably remedy this issue, in light of the additional deficiencies discussed below, the Court concludes amendment would be futile.

## EXHAUSTION REQUIREMENT

Petitioner challenges an unspecified 2015 jury conviction in Spokane County, Washington. Petitioner does not identify his sentence. ECF No. 1 at 1. Petitioner indicates that he appealed his conviction but did not pursue the appeal to the Washington State Supreme Court. *Id.* at 2. He invites the Court to "see case file" but provides no case file. *Id.* at 1.

Before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust the state court remedies available to him. 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion generally requires that a prisoner give the state courts an opportunity to act on his claims before he presents those claims to a federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner has not exhausted a claim for relief so long as he or she has a right under state law to raise the claim by an available procedure. *See id.*; 28 U.S.C. § 2254(c).

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION – 2

To meet the exhaustion requirement, the petitioner must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin*, 541 U.S. at 29; *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). A petitioner fairly presents a claim to a state court by describing the factual or legal bases for that claim and by alerting the state court "to the fact that the . . . [petitioner is] asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365–66; *see also Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). Mere similarity between a claim raised in a state court and a claim in a federal habeas corpus petition is insufficient. *Duncan*, 513 U.S. at 365–66.

Furthermore, to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Once a federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). It appears from the face of the petition and the attached documents that Petitioner has not exhausted his state court remedies as to each of his grounds for relief. *See* ECF No. 1. Indeed, Petitioner affirmatively represents that he did not exhaust his state court remedies by appealing his conviction. *Id.* at 2.

ORDER SUMMARILY DISMISSING HABEAS CORPUS PETITION – 3

# GROUNDS FOR FEDERAL HABEAS CORPUS RELIEF

Throughout the petition, Petitioner invites the Court to "see" his numbered attachments, A-1 to A-25. *Id.* at 5–13. In his grounds for relief, Petitioner argues that the State of Washington has no jurisdiction to decide federal constitutional matters. *Id.* at 17–19. It has long been settled that state courts are competent to decide questions arising under the U.S. Constitution. *See Baker v. Grice,* 169 U.S. 284, 291 (1898) ("It is the duty of the state court, as much as it is that of the federal courts, when the question of the validity of a state statute is necessarily involved, as being in alleged violation of any provision of the federal constitution, to decide that question, and to hold the law void if it violate that instrument."); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986) (holding that state courts are as competent as federal courts to decide federal constitutional matters). Petitioner's arguments to the contrary are meritless.

Petitioner also asserts that the Washington State Constitution contradicts the U.S. Constitution regarding the Fifth Amendment right to "presentment or indictment of a Grand Jury." *Id.* at 17. He claims "no bill of indictment" was brought against him, rendering his arrest, conviction, and imprisonment illegal. *Id.* Petitioner seems to argue that because the state courts have allegedly defied "federally established procedures and processes for the adjudication of crimes," only "a court of federal jurisdiction" has jurisdiction over his claims. *Id.*

The U.S. Supreme Court has long recognized that, "[p]rosecution by information instead of by indictment is provided for by the laws of Washington. This is not a violation of the Federal Constitution." *See Gaines v. Washington*, 277 U.S. 81, 86 (1928). There is no federal constitutional violation when a prosecuting attorney's criminal information is substituted for the grand jury's indictment. *See Hurtado v. California,* 110 U.S. 516 (1884) (rejecting the claim that an indictment is essential to due process of law and that a state violates the Fourteenth Amendment by prosecuting a defendant with a criminal information). Petitioner's assertions to the contrary are legally frivolous.

Because it plainly appears from the petition and accompanying documents that Petitioner is not entitled to relief in this Court, **IT IS HEREBY ORDERED**:

1. The petition, **ECF No. 1**, is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk's Office is directed to **ENTER JUDGMENT**.

4. The Clerk's Office is directed to **CLOSE** this file.

5. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28

U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Petitioner.

**DATED** this 5th day of January 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge